US Bank Natl. Assn. v Mehta (2019 NY Slip Op 01638)





US Bank Natl. Assn. v Mehta


2019 NY Slip Op 01638


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-13411
 (Index No. 2056/10)

[*1]US Bank National Association, etc., respondent,
v
Meena P. Mehta, appellant, et al., defendants.


Peter A. Joseph, New York, NY, for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Meena P. Mehta appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated August 16, 2016. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied that defendant's cross motion pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her for lack of standing.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage encumbering certain real property in Sound Beach. The defendant Meena P. Mehta (hereinafter the defendant) interposed an answer with various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved for summary judgment on the complaint, to dismiss the defendant's answer, and for an order of reference. In an order dated November 29, 2010, the Supreme Court granted the plaintiff's unopposed motion, directed dismissal of the defendant's answer, and referred the matter to a referee to compute the amount due. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her for lack of standing. In the order appealed from, the court granted the plaintiff's motion and denied the defendant's cross motion.
The Supreme Court properly denied the defendant's cross motion pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her for lack of standing. The cross motion was precluded by the Supreme Court's prior order dated November 29, 2010, which, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to dismiss the defendant's answer (cf. Countrywide Home Loans, Inc. v Campbell, 164 AD3d 646, 647; First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 865).
The defendant's remaining contentions are either without merit or not properly before this Court.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court